NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0855n.06
Filed: November 22, 2006

No. 05-4149

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| POWER MARKETING DIRECT, INC., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ALAN BALL, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Before: GIBBONS and McKEAGUE, Circuit Judges; and FORESTER, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge.** Plaintiff-appellant Power Marketing Direct, Inc. ("Power Marketing") appeals the grant of summary judgment by the district court to defendant-appellee Alan Ball on its Ohio law claim for tortious interference with contractual and business relationships. For the following reasons, we affirm the district court's decision.

I.

Power Marketing, an Ohio corporation, sells furniture and bedding through dealers who sign licensing agreements that require dealers to expend their best efforts in operating their Power Marketing dealerships. Power Marketing had the right to place dealers on a "Performance Improvement Plan" and eventually to terminate the licensing agreement if sales were poor.

_____

[*]The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

-1-

Ball was a licensed dealer from September 2001 until August 2002 when he terminated his business relationship with Power Marketing. Power Marketing claims Ball contacted other dealers and encouraged them to terminate their business relationships with Power Marketing as well. To support this claim, Power Marketing offers evidence of Ball's contact with Rick Dooley, another Power Marketing dealer. In his conversations with Dooley, Ball began to "badmouth" Power Marketing and invited Dooley to join him in an independent mattress and furniture business. Dooley attested that his conversations with Ball caused him to experience concern and anxiety, which negatively impacted his work as a Power Marketing dealer and caused his sales to suffer. When Dooley told Ball that he would not join Ball's competing business and asked Ball to stop calling him, Ball complied.

Power Marketing filed a complaint against Ball in Ohio state court, in relevant part claiming tortious interference with contractual and business relationships under Ohio law, and seeking injunctive relief. Ball, a Utah citizen, had the case removed to the United States District Court for the Southern District of Ohio based on diversity of citizenship. After discovery, the district court granted Ball's motion for summary judgment on the tortious interference claim, relying on two alternative grounds. First, Power Marketing could not prove tortious interference because there was no evidence that Dooley or any other Power Marketing dealer breached their licensing agreements as a result of Ball's conduct. Second, because Ball had voluntarily ceased his efforts to recruit Dooley, Power Marketing's request for injunctive relief was moot. Power Marketing appealed the grant of summary judgment.

II.

This court reviews the grant of summary judgment *de novo,* applying the standard used by

the district court. *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir. 1999) (en banc). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). All "inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold*, 369 U.S. 654, 655 (1962). Summary judgment must be entered against the opposing party, however, if it "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which [it] will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"The torts of interference with business relationships and contract rights generally occur when a person, without a privilege to do so, induces or otherwise purposely causes a third person not to enter into or continue a business relation with another, or not to perform a contract with another." *A & B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council*, 651 N.E.2d 1283, 1294 (Ohio 1995). To sustain the claim, the plaintiff must prove the following elements: "(1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damages." *Fred Siegel Co., L.P.A. v. Arter & Hadden*, 707 N.E.2d 853, 858 (Ohio 1999).

Power Marketing cannot prevail in its claim for tortious interference because it cannot prove that Ball caused any Power Marketing dealer to breach his or her licensing agreement. Power Marketing only presented evidence that Ball interfered with its licensing agreement by trying to recruit Dooley away from Power Marketing. Dooley believes that, as a result, he did not expend his best efforts in operating his Power Marketing dealership, as required by the licensing agreement.

-3-

All the objective evidence indicates that Dooley never breached his licensing agreement. Power Marketing neither placed Dooley on a "Performance Improvement Plan" nor terminated his licensing agreement for poor sales. Dooley remains a Power Marketing dealer. Dooley's subjective opinion of his efforts is insufficient to demonstrate the breach of contract required for the tortious interference claim. As there is no other evidence that Ball caused dealers to breach their contracts with Power Marketing, Power Marketing's tortious interference claim fails, and the district court properly granted Ball summary judgment.

III.

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of Ball.